IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EASTERN REGIONAL MEDICAL, CENTER, INC. *et al.,* | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 1:14-CV-00136 WDQ |
| MAUREEN NEWCOMB, *et al.* | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Default Judgment ("Motion") filed by Plaintiffs Eastern Regional Medical Center, Inc. ("ERMC"), and Cancer Treatment Centers of America Professional Corporation of Pennsylvania, P.C. (collectively "Plaintiffs") against Maureen Newcomb and Warren Dark (collectively "Defendants"). (ECF No. 10). Defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. On May 5, 2014, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to Judge Gauvey for a report and recommendation on Plaintiffs' Motion. (ECF No. 11). Upon Judge Gauvey's retirement this case was reassigned to me. I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Plaintiff's Motion for Default Judgment be GRANTED IN PART and DENIED IN PART.

I.   **FACTUAL AND PROCEDURAL HISTORY**

On January 16, 2014, Plaintiffs commenced this action against Defendants alleging that Defendants had failed to pay for services rendered to Ms. Newcomb from January 2013 through July 2013. (ECF No. 1 at ¶¶ 7, 15). The Complaint alleges three counts in the alternative: (1) Breach of Contract; (2) Quantum Meruit/Unjust Enrichment; and (3) Promissory Estoppel. (ECF

No. 1 at ¶¶ 19-44).  Specifically, Plaintiffs alleged that by executing the "Patient and Spouse Payment Agreement" ("Payment Agreement") and the "Eastern Regional Medical Center Conditions of Treatment" ("Conditions of Treatment"), Defendants are obligated to pay for the treatment rendered.  (ECF No. 1 at ¶¶ 7-11).  In the alternative, Plaintiffs argue that Defendants "accepted the benefit of the medical services provided… without making full payment for such services."  (ECF No. 1 at ¶ 31).  Plaintiffs further argue that Plaintiffs performed various medical services in reasonable reliance on Defendants' promise that they would be personally liable for such services.  (ECF No. 1 at ¶¶ 38-40).

Service of process was affected on Defendants on January 16, 2014. (ECF Nos. 4 & 5). Defendants did not file an answer or responsive pleading within the requisite time period.  Upon Plaintiffs' Motions for Entry of Default against Defendants, the Clerk entered judgment in their favor on February 26, 2014.  (ECF Nos. 8 & 9).  Plaintiffs filed their Motion for Default Judgment on May 2, 2014, seeking to recover from Defendants their outstanding balance of $116,898.58.  (ECF No. 10).  Concerned by some discrepancies among the demand asserted in the Complaint, the exhibits attached to both the Complaint and Plaintiffs' Motion, and amount sought by Plaintiffs' Motion, I requested further clarification as to the actual amount owed by Defendants. (ECF No. 12).  Upon review of Plaintiffs' supplementation I am satisfied that $112,996.58 accurately reflects the outstanding balance for services rendered to Ms. Newcomb. (*See* ECF No. 13).

II.     **LEGAL ANALYSIS**

    A.     **Standard for Entry of Default Judgment**

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co.*

*v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005). If the Court determines that liability is established the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151 at *1.

Rule 55 of the Federal Rules of Civil Procedure establishes the Court's legal framework for resolving this matter. "If, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." *Id*. A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages; however it may rely instead on affidavits or documentary evidence in the

record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

### B. Liability

Subject matter jurisdiction in this case is predicated on the diversity of the parties. A federal court sitting in diversity must apply the choice of law rules applicable in the forum state. *Klaxon v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941). In contract actions, Maryland courts generally apply the law of the jurisdiction where the contract was made, pursuant to the doctrine of *lex loci contractus*. *See, e.g., Allstate Ins. Co. v. Hart*, 327 Md. 526, 611 A.2d 100 (1992). Here, Plaintiffs' Complaint and Motion are silent as to where the contract was made (i.e. at Plaintiffs' facility in Pennsylvania or at Defendants' home in Maryland); however, taking as true the well-pleaded allegations of the Complaint (ECF No. 1), Defendants' liability under either Maryland or Pennsylvania law is readily established in this case.

Under Maryland law, to prove a breach of contract claim, Plaintiffs must demonstrate that Defendants owed Plaintiffs a contractual obligation and that Defendants breached that obligation. *Int'l Waste Indus. Corp. v. Cape Envtl. Mgmt., Inc.*, 988 F. Supp. 2d 542, 550 (D. Md. 2013) (*quoting Taylor v. NationsBank, N.A.*, 365 Md. 166, 776 A.2d 645, 651 (2001)). In order to prove Defendants' contractual obligation, the parties must have had a meeting of the minds as to the material terms of the agreement. *Id.* (quoting *Tecart Indus., Inc. v. Nat'l Graphics, Inc.*, 198 F.Supp.2d 719, 724 (D.Md.2002)). Similarly under Pennsylvania law, the elements required to establish breach of contract include "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages." *Leaman v. Wolfe*, CIV.A. 13-975, 2014 WL 3375010 (E.D. Pa. July 10, 2014) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir.2003); *J.F. Walker Co., Inc. v. Excalibur Oil Grp.*, Inc., 792 A.2d 1269, 1272 (Pa.Super.Ct.2002)).

4

The Payment Agreement executed by Defendants obligates Defendants "to be unconditionally and personally liable for payment of all services rendered Patient by Hospital and PCP." (ECF No. 1 at ¶ 8; ECF No. 1-2). The Conditions of Treatment executed by Ms. Newcomb similarly states that she is "unconditionally personally liable for payment for all services rendered to me or on my behalf by ERMC and by ERMC's respective employees and contractors during my stay at ERMC." (*Id.* at ¶ 10; ECF No. 1-3). Relying on the Payment Agreement, which incorporate the Conditions of Treatment, Plaintiffs rendered medical services to Ms. Newcomb at ERMC. (*Id.* at ¶ 12; ECF No. 1-4). Defendants breached the contract by failing to fulfill their obligation to pay for the services rendered to Ms. Newcomb. (*Id.* at ¶ 14; ECF Nos. 13, 13-1, 13-2, 13-3). Accordingly, I find that Plaintiffs have stated a claim for relief for breach of contract (Count I). Because Plaintiffs cannot recover all three counts of the Complaint, I recommend that Plaintiffs' Motion for Default Judgment be granted as to Count I (breach of contract) and denied as to Counts II (quantum meruit/unjust enrichment) and III (promissory estoppel).

    **C.**    **Damages**

Having determined that Plaintiffs have established liability, it is now appropriate to determine the damages to which Plaintiffs are entitled. Under both Maryland and Pennsylvania law the purpose of contract damages is to put the non-breaching party in as good a position as it would have been had the contract been performed. *Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkt., Inc.*, 2014 PA Super 173 (Pa. Super. Ct. Aug. 19, 2014); *see also Crown Coal & Coke Co. v. Powhatan Mid-Vol Coal Sales, L.L.C.*, 929 F. Supp. 2d 460, 471 (W.D. Pa. 2013) ("Expectation damages are the preferred approach because they place the injured party in the position that would have resulted from receiving the benefit of the bargain."); *Planmatics, Inc. v. Showers*, 137 F. Supp. 2d 616, 622 (D. Md. 2001) aff'd, 30 F. App'x 117 (4th

5

Cir. 2002) ("In Maryland, "a party suffering a breach of contract is entitled to recover as damages the amount that would place him in the position he would have been in had the contract not been broken."); *Kucin v. Devan*, 251 B.R. 269, 273 (D. Md. 2000) ("In contract law, the nonbreaching party is entitled to damages for its "expectation interest," which are damages sufficient to place the nonbreaching party in as good a position as the party would have been had the contract been performed.").

Here, had Defendants not breached the contract, Plaintiffs would have been paid for the services rendered to Ms. Newcomb.  As explained above, upon review of Plaintiffs' supplementation I am satisfied that $112,996.58 accurately reflects the outstanding balance of services rendered to Ms. Newcomb and recommend that Plaintiffs be awarded damages in that amount. (*See* ECF No. 13).

### III.  CONCLUSION

In sum, I recommend that:

1.  The Court grant Plaintiffs' Motion for Default Judgment (ECF No. 10) against Defendants Maureen Newcomb and Warren Dark as to Count I and deny Plaintiffs' Motion as to Counts II and III;

2.  The Court award Plaintiffs damages in the amount of $112,996.58;

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants at the addresses listed on Plaintiff's Complaint.  (ECF No. 1). Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

September 25, 2014               /s/
Date                             J. Mark Coulson
                                 United States Magistrate Judge